IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GEROME MILEY,**

        **Petitioner,**

        v.                        CASE NO. 10-3191-RDR

**C. CHESTER,**
**Warden, USP-Leavenworth,**

        **Respondent.**

### O R D E R

This matter is before the court upon petitioner's Motion for Extension of Time to pay filing fee (Doc. 4) and Motion for Nunc Pro Tunc Order (Doc. 3). Having considered the motion for extension, the court finds it should be granted. Petitioner states that he intends to pay the filing fee from his inmate account but needs additional time to submit the fee. He will be given additional time. However, the court notes that the ten-day period requested by petitioner in this motion has already expired and he has not paid the fee. Mr. Miley is informed that he must pay this fee (or submit a properly supported motion to proceed without prepayment of fees) within the newly allotted time period or this matter will be dismissed, without prejudice, for failure to satisfy the statutory filing fee prerequisite.

The court has considered petitioner's pleading entitled "Motion for Nunc Pro Tunc Order," and finds it is a restatement of his claims and the alleged underlying facts, which includes a new request for an "adjustment of his sentence" by nunc pro tunc order

"removing the added 6 months and 21 days." The relief petitioner seeks from this court in this action would not be accomplished through this court's issuance of a nunc pro tunc order. The Bureau of Prisons has not issued an "order" regarding his sentences that can be corrected by this court's issuance of a nunc pro tunc order. Instead, the BOP has taken administrative action in calculating petitioner's sentence based on its interpretation of the orders of the sentencing courts, and the relief this court might grant would entail overturning the administrative action. Petitioner does not appear to be seeking a nunc pro tunc of the orders entered by the sentencing courts, since he asserts that the BOP is incorrectly executing those orders. Were Mr. Miley seeking a nunc pro tunc of one or both of the sentencing orders, the sentencing court, and not this habeas court, would have the sole authority to issue a nunc pro tunc, which is basically a correction, of its own sentencing order. Petitioner appears to be confusing the relief he is seeking in this court with the BOP option of seeking a nunc pro tunc order from the sentencing court. The court finds that this motion is frivolous in that it requests an inappropriate form of relief from this court and must be denied. This is not a decision on the merits of petitioner's claims, but a rejection of the suggested procedure of providing relief by nunc pro tunc order. The court shall consider the facts and claims alleged in this motion as a supplement to petitioner's original petition.

**IT IS THEREFORE ORDERED** that petitioner's Motion for extension of time (Doc. 4) is granted and he is granted twenty (20)

days in which to either pay the filing fee for this action of $5.00 or submit a properly supported motion to proceed without payment of fees.

**IT IS FURTHER ORDERED** that petitioner's Motion for Nunc Pro Tunc Order (Doc. 3) is denied as requesting an improper form of relief.

**IT IS SO ORDERED.**

**DATED**: This 12th day of November, 2010, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u>
United States District Judge